UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

MICHAEL GAVANDA and GARY LARSON,
as Trustees of the Painters and Allied Trades
District Council No. 82 Health Care Fund,
and MICHAEL GRAVADA and JAMES
SMALLEN, as Trustees of the Minnesota
Finishing Trades Training Fund, and each
of their Successors,

                             Civil File No. 05-1272 RHK/AJB
       Plaintiffs,              **FINDINGS OF FACT,**
                             **CONCLUSIONS OF LAW, AND**
vs.                              **ORDER FOR THE ENTRY OF DEFAULT**

MARSHALL PAINTING, INC., and
GLENN MARSHALL, individually,

       Defendants.

_____

       This matter was heard before the undersigned on the 30th day of December, 2005.

Amanda R. Cefalu of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered,

appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the

Defendants.

## **FINDINGS OF FACT**

       1.      Plaintiffs filed a Summons and Complaint in this matter on June 28, 2005.

Defendant Marshall Painting, Inc. was personally served with the Summons and

Complaint in this matter on June 28, 2005. Defendant Glenn Alan Marshall was

personally served with the Summons and Complaint in this matter on July 15, 2005.

       2.      Defendants have failed to file and serve a response or Answer to the

Summons and Complaint.

       3.      Plaintiffs are trustees and fiduciaries of the above-referenced funds (the

"Funds"). The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37).

They are established to provide, *inter alia*, pension, health and welfare vacation benefits and training to employees doing laborers' work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

4. Defendants accepted and agreed to be bound to a Collective Bargaining Agreement between the Minnesota Painting and Wallcovering Employers Association and the Painters and Allied Trades District Council No. 82 – Painters Local #681, Rochester, Minnesota, and the International Union of Painters and Allied Trades, AFL-CIO (formerly known as the Brotherhood of Painters and Allied Trades Local Union No. 61, AFL-CIO).

5. The Collective Bargaining Agreement obligates Defendants to compute the contribution to the Fund for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6. The Collective Bargaining Agreement obligates Defendants to allow Plaintiffs to audit their payroll records and related documentation to determine compliance with the reporting and payment obligations.

7. The Collective Bargaining Agreement provides that Defendants are liable for liquidated damages of 10% for all delinquent contributions.

8. The Collective Bargaining Agreement further provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

9. Defendants breached the Collective Bargaining Agreement by failing to timely submit the fringe fund report forms and fringe benefit contributions for the months of July, August and September 2005.

10. After the filing and service of the Complaint in this action, Defendants submitted the fringe fund report forms due for the months of July and August 2005. Pursuant to the reports submitted, Defendants owe Plaintiffs $23,589.33 for fringe benefit contributions and $2,358.94 for liquidated damages for the months of July 2005 and August 2005.

11. After the filing and service of the Complaint, Defendants made a partial payment in the amount of $11,795.00 for fringe benefit contributions for which they are entitled to a credit. After their partial payment, Defendants still owe Plaintiffs $11,794.33 for fringe benefit contributions for the month of August 2005 and $2,358.94 for liquidated damages for the months of July and August 2005.

12. Plaintiffs requested that Defendants produce their records for payroll audit and review for the period of December 2003 through the present. Defendants failed to produce a complete set of payroll and employment records for the requested period. Plaintiffs reasonably believe that Defendants employed individuals during these months. If no employees were used, Defendants are obligated to remit the reports, indicating if appropriate, that no hours were worked.

13. In addition, ERISA and the Collective Bargaining Agreement provide that a delinquent employer shall also be required to pay all costs of collection actually incurred by the Funds, including all attorney fees, services fees, filing fees, court reporter

fees, and all other fees, costs and disbursements incurred by or on behalf of the Funds in determining, assessing and collecting the amounts due.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to entry of a Default Order.

2. Defendants breached the Collective Bargaining Agreement by failing to timely remit the fringe fund reports and contributions due for the months of July 2005 through September 2005.

3. Defendants are liable to Plaintiffs for all fringe benefit contributions due and owing per the Collective Bargaining Agreement for July 2005 through September 2005, including liquidated damages.

4. Per the reports submitted after the filing and service of the Complaint, Defendants are currently liable to Plaintiffs in the amount of $11,794.33 for fringe benefit contributions for the month of August 2005 and liquidated damages for July and August 2005 in the amount of $2,358.94. In total, Defendants are liable to Plaintiffs in the amount of $14,153.27.

5. Defendants have failed to produce the fringe fund report forms due for the month of September 2005.

6. Defendants have failed to produce records as requested by Plaintiffs to complete an audit of its records for the period of December 2003 through the present.

7. Defendants are liable for all delinquent fringe benefit contributions discovered to be due per the audit, all fringe benefit contributions due for the month of

4

September 2005, and all other months that become due throughout the pendency of this litigation, and are liable for 10% liquidated damages on all unpaid contributions, and are further liable for Plaintiffs' attorney fees and costs.

## **ORDER**

**IT IS ORDERED**:

1. Default be Entered by the Clerk against Defendant;

2. Plaintiffs' Motion for the Entry of Default is granted;

3. Defendants must submit the fringe fund report forms for the month of September 2005, and any other month not so submitted through the date of this Order, if they have not already been submitted, within ten (10) days of the date of this Order to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425;

4. Defendants must pay to Plaintiffs the fringe benefit contributions for all the hours reported pursuant to the Court's Order, plus liquidated damages in the amount of 10% of the delinquent contributions for the month of September 2005 and for all remaining months for which contributions are due and not paid during the pendency of this action;

5. Defendants shall produce for inspection and audit a complete set of the following business records for the period December 2003 through the present:

   a. All payroll journals;

   b. All time cards;

   c. All Internal Revenue 941 quarterly report forms;

    d. All Internal Revenue W-2 forms for employees of Defendant and the W-3 forms;

    e. Defendants' payroll check register and sequential cancelled checks from Defendant's payroll account; and

    f. All Internal Revenue 1099 and 1096 forms;

6. Defendants are further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs;

7. Production and inspection shall occur within ten (10) days of entry of this Order at the premises of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425; and

8. Upon submission of the records for the months of December 2003 through the date of this Order, if Defendants fail to make payments required by this Order, the Plaintiffs may move the Court for entry of a money judgment in the amount of unpaid contributions, liquidated damages, and attorneys fees and costs, as shown by Affidavit filed with the Court, and the Court shall enter judgment ten (10) days after service of the motion and Affidavit on Defendants.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 30, 2005         s/Richard H. Kyle
                                 RICHARD H. KYLE
                                 United States District Judge